STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MICHAEL R. KOVACS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 22, 1967—Decided May 25, 1967.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. Leonard A. Coyle* argued the cause for appellant.

*Mr. Bryan V. Moore,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Vincent Panaro,* Prosecutor, attorney).

*Mr. Joseph A. Hoffman,* Assistant Attorney General, argued the cause *amicus curiae* (*Mr. Arthur J. Sills,* Attorney General, attorney; *Mr. Thomas J. Savage,* Deputy Attorney General, on the brief).

PER CURIAM. ▮▮▮ The County Court found defendant guilty of drunken driving after a trial *de novo* on appeal from the municipal court. We conclude, on the basis of (1) what defendant said to the police officer on his arrival to investigate the rear-end collision; (2) the police officers' and drunkometer operator's direct observation of defendant's physical condition and odor of alcohol, and (3) the drunkometer test result (.18 reading), that the State proved defendant's guilt beyond a reasonable doubt. We do not consider the answers defendant gave when questioned by the

drunkometer operator, although we disagree with the trial judge's ruling excluding such answers.

■ Determination of whether defendant voluntarily consented — see *N. J. S. A.* 39 :4–50.1 as it read on July 16, 1966, now amended by *L.* 1966, *c.* 142 (see *N. J. S. A.* 39 :4–50.2 (e))—to take the drunkometer test was for the trial judge. In light of the record, we will not disturb his factual finding that defendant so consented. Accordingly, we find no violation of defendant's constitutional rights. *Schmerber v. State of California,* 384 *U. S.* 757, 86 *S. Ct.* 1826, 16 *L. Ed.* 2d 908 (1966) ; *State v. King,* 44 *N. J.* 346 (1965).

Affirmed.